UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
REBECCA and GREGORY KERN,

                Plaintiffs,   **MEMORANDUM DECISION**

     -against-   **AND ORDER**

JOHN LAYNE, sued in his individual   06 Civ. 13490 (GAY)
capacity, and THE VILLAGE OF
SLOATSBURG,

                Defendants.
---------------------------------------------------------X

      Plaintiffs Rebecca and Gregory Kern commenced this action against the Village of Sloatsburg and its Building Inspector, John Layne, on the grounds of First Amendment retaliation pursuant to 42 U.S.C. § 1983. Plaintiffs specifically contend that defendant Layne took adverse actions against them in retaliation for Rebecca Kern's protected speech and for the Kerns' filing of this lawsuit. Presently before this Court is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").[1] For the reasons set forth below, defendants' motion is denied.

      Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c). Specifically, the party seeking summary judgment has the burden of

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

demonstrating that no genuine issue respecting any material fact exists.  See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005).  "[T]he movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).  If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing a genuine issue for trial."  FRCP 56(e).

When deciding a summary judgment motion, the court must "'resolve all ambiguities and inferences . . . in the light most favorable to the party opposing the motion.'"  Neratko v. Frank, 31 F. Supp. 2d 270, 278 (W.D.N.Y. 1998) (quoting Shockley v. Vermont State Colleges, 793 F.2d 478, 481 (2d Cir. 1986)).  The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994).  Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Here, based upon the Court's consideration of the briefs and exhibits submitted by the parties in conjunction with the instant motion, the Court concludes that numerous triable factual issues preclude summary judgment including, but not limited to, whether Layne's actions regarding the Kerns' property were motivated by retaliatory animus.  Further, based upon the scope of authority vested in the Building Inspector under the Village Code with respect to building permits and certificates of occupancy, defendant

Layne is a final municipal policymaker for purposes of establishing municipal liability under § 1983. See Town of Orangetown v. Magee, 88 N.Y.2d 41, 665 N.E. 2d 1061, 1067-68 (1996). Accordingly, defendants' motion for summary judgment is DENIED.

A telephone conference will be conducted on January 8, 2010 at 9:30 a.m. Plaintiff shall initiate the call.

Dated: December 16, 2009
White Plains, New York

**SO ORDERED**:

_____
GEORGE A. YANTHIS, U.S.M.J.